United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos Miguel Perez,<br>Movant<br><br>v.<br><br>United States of America,<br>Respondent. | Civil Action No. 22-21909-Scola<br>Crim. Action No. 18-20359-Scola |

# Order

Before the Court is Movant Carlos Miguel Perez's motion to vacate sentence under 28 U.S.C. § 2255 (ECF No. 1) docketed on June 15, 2022. The Court has considered the motion, the government's response (ECF No. 14), the entire record, and is otherwise fully advised. For the reasons explained below, the motion is denied.

**1. Background**

On July 24, 2018, a jury found Perez guilty as charged in the indictment on charges of conspiracy and possession with intent to distribute a controlled substance, possession of a firearm in furtherance of a drug-trafficking crime, maintaining drug-involved premises, and being a felon in possession of a firearm. (*See* CR ECF No. 41).[1]

At the sentencing hearing, neither side had any objections to the calculation of the guidelines by probation in the presentence investigation report. (*See* CR ECF No. 73 at 5:20–24).[2] Therefore, the Court determined that Perez was a career offender with an advisory guideline range of 360 months to life imprisonment. (*See id.* at 6:2–13). In deciding a sentence that would be sufficient but not greater than necessary to achieve the goals of the sentencing scheme, the Court considered "what [Perez's] sentence would have been if he

---

[1] References to docket entries in Perez's criminal case, Case No. 18-20359-CR-Scola, are denoted with "CR ECF No."

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

didn't qualify as a career offender." (*Id.* at 17:11–12). Taking this into account, the Court sentenced Perez to 180 months of imprisonment. (*See id.* at 17:20–22).

Perez appealed, and the Eleventh Circuit affirmed his convictions and sentence. *See United States v. Perez*, 772 F. App'x 791, 795 (11th Cir.), *cert. granted, judgment vacated*, 205 L. Ed. 2d 211, 140 S. Ct. 397 (2019). The Supreme Court thereafter granted Perez's petition for a writ of certiorari, *see Perez v. United States*, 140 S. Ct. 397 (2019), and the case was remanded to the Eleventh Circuit for further consideration in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). On remand, the Eleventh Circuit again affirmed Perez's convictions and sentence. *See United States v. Perez*, 815 F. App'x 410, 413 (11th Cir. 2020).

**2. Legal Standard**

**A. Section 2255 Motions**

Under section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. [section] 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage

of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cleaned up).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013).

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88.

To establish deficient performance, the petitioner must show that "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or what is prudent or appropriate, but only [on] what is constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (cleaned up).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

3

A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### 3. Discussion

#### A. Timeliness

Perez asserts that his motion was timely filed. (*See* ECF No. 1 at 12). The Respondent fails to address timeliness. (*See generally* ECF No. 14). The Court therefore finds any arguments against timeliness waived and concludes that the motion was timely filed.

#### B. Procedural Bars

The Respondent asserts that Perez's claims are procedurally barred. (*See* ECF No. 14 at 9). The Court opts to skip over this step as the motion is due to be denied on the merits. *See Loggins v. Thomas*, 654 F.3d 1204, 1215 (11th Cir. 2011) ("When relief is due to be denied even if claims are not procedurally barred, we can skip over the procedural bar issues, and we have done so in the past.").

#### C. The Merits

#### Ground One

Perez asserts ineffective assistance of counsel in Ground One and makes four subclaims in support.

##### i. Subclaim One

Perez asserts that "trial counsel failed to pursue insufficiencies in the indictment and jury instructions forfeiting de novo review on appeal." (ECF No. 1 at 4). The Respondent "agrees that that the indictment did not allege that Perez had knowledge of his status [as a convicted felon]. Nonetheless, this failure does not constitute a jurisdictional defect." (ECF No. 14 at 9).

On remand from the Supreme Court, the Eleventh Circuit rejected Perez's argument that "omission in the indictment of the knowledge element requirement was a jurisdictional defect." *Perez*, 815 Fed. Appx. at 413 (citing *United States v. Moore*, 954 F.3d 1322, 1337 (11th Cir. 2020). Like the

4

indictment at issue, the indictment in *Moore* failed to allege that the defendant knew he was a convicted felon. *Id.* at 1335-36. Nevertheless, the court affirmed Moore's conviction and sentence, stating that:

> Ultimately, the law is clear: the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction. A defective indictment only affects jurisdiction when it fails to allege an offense against the United States. So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction.

*Id.* at 1336. Thus, because the issue is without merit, counsel cannot render deficient performance by failing to raise it. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) ("[C]ounsel was not ineffective for failing to raise a nonmeritorious issue.").

The same is true of counsel's alleged failure to pursue insufficiencies in the jury instructions. Although the jury was not instructed on the knowledge element, the Eleventh Circuit concluded that "there was more than enough evidence adduced at trial to establish that Perez knew he was felon—an element the Supreme Court has acknowledged is not burdensome to prove." *Perez*, 815 Fed. Appx. at 413. Accordingly, Subclaim One is denied under the performance prong of *Strickland*, 466 U.S. at 687–88.

### ii. Subclaim Two

Perez asserts that "trial counsel failed to object to the erroneous career offender designation at sentencing forfeiting de novo review on appeal." (ECF No. 1 at 4). This claim is without merit as Perez was correctly designated a career offender. Perez's career offender status was affirmed on direct appeal. *See Perez*, 815 Fed. Appx. at 413 ("[Perez] was a career offender who had five prior felony convictions, all of which occurred before he possessed the firearm in this case."). Thus, because the issue is without merit, counsel cannot render deficient performance by failing to raise it. *See Chandler*, 240 F.3d at 917. Accordingly, Subclaim Two is denied under the performance prong of *Strickland*, 466 U.S. at 687–88.

### iii. Subclaim Three

Perez asserts that "trial and appellate counsel failed to challenge the constructive amendment of [his] indictment." (ECF No. 1 at 4). This claim is a reiteration of Subclaim One. On this point, the Eleventh Circuit rejected Perez's argument and concluded that sufficient evidence was adduced at trial to establish that he knew he was a felon. *See Perez*, 815 Fed. Appx. at 413 ("In view of his conduct during his arrest and his extensive criminal record, we have little doubt, if any, that Perez knew that he had been convicted of at least one felony offense before he possessed the firearm in this case."). Thus, because the issue is without merit, counsel cannot render deficient performance by failing to raise it. *See Chandler*, 240 F.3d at 917. Accordingly, Subclaim Three is denied under the performance prong of *Strickland*, 466 U.S. at 687–88.

### iv. Subclaim Four

Perez asserts that "appellate counsel failed to allege *Rehaif* error in [his] original appeal despite its availability." (ECF No. 1 at 4). This claim is meritless because the Eleventh Circuit considered his *Rehaif* arguments. *See Perez*, 815 F. App'x at 412 n. 1 ("[T]he Supreme Court granted certiorari in *Rehaif* a full two weeks before Perez filed his initial brief. As for the government's argument that Perez abandoned these claims on remand, we need not resolve this issue because even when we review them under plain error review, they fail."). In other words, Perez was not prejudiced because the Eleventh Circuit considered his *Rehaif* arguments on direct appeal. Accordingly, Subclaim Four is denied under the prejudice prong of *Strickland*, 466 U.S. at 687–88.

### Ground Two

Perez asserts a "Fifth Amendment Due Process Violation" because "the indictment was constructively amended by the government." (ECF No. 1 at 5). As discussed, the Eleventh Circuit rejected Perez's argument and concluded that sufficient evidence was adduced at trial to establish that he knew he was a felon. *See Perez*, 815 Fed. App'x. at 413. Accordingly, Ground Two is denied.

### D. Evidentiary Hearing

A district court is not required to hold an evidentiary hearing where a movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. *See Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). The Court finds Perez's claims to be patently frivolous and that the motion and the files and records of the case conclusively show that he is not entitled to relief. *See* 28 U.S.C. § 2255(b). Therefore, his request for an evidentiary hearing is denied.

### E. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Here, Perez fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, upon consideration of the record, the Court denies the issuance of a certificate of appealability.

### 4. Conclusion

Accordingly, it is **ordered and adjudged** as follows:

1. Movant Carlos Miguel Perez's motion to vacate sentence under 28 U.S.C. § 2255 **(ECF No. 1)** is **denied**.
2. A certificate of appealability is **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Perez is not entitled to appeal *in forma pauperis*.
3. To the extent not otherwise disposed of, any pending motions are **denied as moot** and all deadlines are **terminated**.
4. The Clerk of Court is directed to **close** this case.

**Done and ordered**, in chambers, in Miami, Florida, on April 4, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Carlos Miguel Perez
18674-104
Allenwood-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 3000
White Deer, PA 17887
PRO SE